**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5113-18T3

CHARLES L. DIETZEK, D.O.,
FACOS, PC d/b/a VEIN AND
VASCULAR INSTITUTE,
CREAD MANAGEMENT, INC.,
and CHARLES L. DIETZEK, D.O.,
FACOS,

 Plaintiffs-Respondents/
 Cross-Appellants,

v.

VOORHEES WHITE HORSE, LP,

 Defendant-Appellant/
 Cross-Respondent.

_____

Argued telephonically June 16, 2020 –
Decided July 1, 2020

Before Judges Fisher and Fasciale.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-2431-14.

Samantha Jane Koopman argued the cause for appellant/cross-respondent (Obermayer Rebmann

Maxwell & Hipple LLP, attorneys; Matthew A. Green and Samantha Jane Koopman on the briefs).

Mark Paul Asselta argued the cause for respondent/cross-appellant (Brown & Connery LLP, attorneys; Mark Paul Asselta, on the briefs).

PER CURIAM

In this commercial landlord-tenant case, the landlord (defendant) appeals from a June 14, 2019 order entered by a judge on remand (the motion judge) imposing a penalty of $21,900 "on the HVAC issue" and awarding counsel fees of $5,115 to tenants (plaintiffs). Plaintiffs cross-appeal from the same order, which did not impose a monetary penalty as to the roof, irrigation, and letter of credit issues. We remanded defendant's previous appeal from the enforcement of litigant's rights and the award of fees primarily because of unresolved factual disputes.[1] After the parties waived their rights to a plenary hearing and stipulated to the facts, the motion judge conducted oral argument and rendered a detailed oral opinion.

The parties have been involved in years of litigation over their rights under a commercial lease. A different judge (the trial judge) conducted a bench trial and entered three orders: a May 12, 2016 order addressing defendant's

---

[1] Dietzek v. Voorhees White Horse, L.P., No. A-2664-17 (App. Div. Mar. 21, 2019).

obligations as to an irrigation system and HVAC work; a June 30, 2016 consent order regarding defendant's obligation to install a new roof; and an August 30, 2016 amended order regarding plaintiffs' security deposit letter of credit. The parties then filed cross-motions to enforce litigant's rights. The order under review adjudicates those cross-motions.

On appeal, defendant argues:

POINT [I]

THE [JUDGE] ABUSED [HIS] DISCRETION IN GRANTING PLAINTIFFS' MOTION TO ENFORCE LITIGANT'S RIGHTS AS IT RELATES TO THE HVAC WORK BECAUSE DEFENDANT'S OCTOBER 27, 2016 EMAIL [FROM ITS HVAC CONTRACTOR] COMPLIES WITH THE REQUIREMENTS SET FORTH IN THE TRIAL [JUDGE'S] MAY 2016 ORDER.

POINT [III]

THE [JUDGE] ABUSED [HIS] DISCRETION IN AWARDING PLAINTIFF[S] [THEIR] FULL ATTORNEY['S] FEES AND COSTS BECAUSE DEFENDANT ULTIMATELY PREVAILED ON ALL BUT ONE ISSUE.

In response and on their cross-appeal, plaintiffs argue:

POINT [I]

THE [JUDGE] DID NOT ABUSE [HIS] DISCRETION IN FINDING THAT THE OCTOBER 27, 2016 EMAIL DID NOT MEET THE REQUIREMENTS OF THE

3

[JUDGE'S] MAY 12, 2016 ORDER REGARDING REQUIRED HVAC REPAIRS[.]

POINT [II]

THE TRIAL [JUDGE] DID NOT ABUSE [HIS] DISCRETION IN REINSTATING AN AWARD OF ATTORNEY['S] FEES RELATING TO PLAINTIFFS['] MOTION TO ENFORCE LITIGANT'S RIGHTS[.]

POINT [III]

THE TRIAL [JUDGE] COMMITTED REVERSIBLE ERROR BY FINDING THAT DEFENDANT HAD SUBSTANTIALLY COMPLIED WITH ITS OBLIGATION TO OBTAIN PERMITS FOR A NEW ROOF BY DELEGATING THIS REQUIREMENT TO ITS CONTRACTOR BUT THEN DENYING THE NEED FOR PERMITS AND DOING NOTHING TO GET PERMITS OBTAINED UNTIL ELEVEN MONTHS AFTER THE WORK WAS COMPLETED[.]

POINT [IV]

THE [JUDGE] COMMITTED REVERSIBLE ERROR BY FINDING THAT THE [TRIAL JUDGE'S] MAY 12, 2016 ORDER DID NOT REQUIRE DEFENDANT TO INSTALL A SEPARATE METER AND BILL ALL WATER USED IN THE IRRIGATION SYSTEM AS A COMMON EXPENSE[.]

POINT [V]

THE [JUDGE] COMMITTED REVERSIBLE ERROR BY FINDING THAT THE [TRIAL JUDGE'S] AUGUST 30, 2016 ORDER DID NOT REQUIRE

4                                                    A-5113-18T3

DEFENDANT TO SUBMIT CERTAIN DOCUMENTATION TO FULTON BANK TO REDUCE PLAINTIFFS' SECURITY DEPOSIT LETTER OF CREDIT[.]

We affirm substantially for the reasons given by the judge. But we add the following remarks.

We review a trial court's enforcement of litigant's rights under an abuse of discretion standard. Wear v. Selective Ins. Co., 455 N.J. Super. 440, 458-59 (App. Div. 2018). An abuse of discretion occurs when a decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (citation omitted). Rule 1:10-3 "allow[s] for judicial discretion in fashioning relief to litigants when a party does not comply with a judgment or order." N. Jersey Media Grp., Inc. v. State, Office of Governor, 451 N.J. Super. 282, 296 (App. Div. 2017) (alteration in original) (quoting In re N.J.A.C. 5:96 & 5:97, 221 N.J. 1, 17-18 (2015)). The imposition of counsel fees in connection with a Rule 1:10-3 motion also is reviewed under an abuse of discretion standard. Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011). "An allowance for counsel fees is permitted to any party accorded relief following the filing of a motion in aid of litigant's rights, R[ule] 1:10-3[.]" Ibid.

As to the HVAC issue, the parties stipulated that the primary question for the motion judge was whether the October 27, 2016 email satisfied defendant's obligation under the May 2016 order to do HVAC work in the building. Defendant argues this order did not require the contractor to guarantee a two-degree temperature evenness. But, paragraph ten of the May 2016 order states in part that "[t]he contractor shall be required to guarantee his work on the issue of temperature evenness, within [two] degrees." The email does not—as the motion judge found—make that guarantee. Instead, it merely states that the system "will maintain its set temperature within [two] degrees at all times."

To support its contention that paragraph ten does not require such a guarantee, defendant points to paragraph eight of the May 2016 order pertaining to the HVAC system's post-work inspection. However, the plain terms of paragraph eight—admittedly referencing a three-degree variation—says nothing about the guarantee required by paragraph ten. Indeed, the motion judge found that the email

> was not sufficient to meet the foregoing requirements of the [May 2016] order, insofar as it did not guarantee temperature evenness in the rooms of each zone within [two] degrees, but rather only guaranteed the setting of the system the contractor was to install, not as between the various zones as required by the [May 2016] order.

Having properly resolved whether the email satisfied defendant's obligations under the May 2016 order—by fairly reading its terms in the context of the bench trial—the judge did not abuse his discretion by imposing the sanction. Indeed, the parties agreed that it would be appropriate for the motion judge to impose a $21,900 penalty if the email did not satisfy the May 2016 order.

We reject defendant's contention that, even if we uphold the order under review, the motion judge erred by awarding plaintiffs' counsel fees to enforce litigant's rights. Plaintiffs filed their motion to enforce the May 2016 order, the June 30, 2016 consent order, and the August 30, 2016 amended order. On January 5, 2018,[2] another judge granted that motion and ordered defendant to reimburse plaintiffs' counsel fees for filing it. The order under review upholds those fees, which plaintiffs incurred by filing the motion to enforce litigant's rights. We see no abuse of discretion by awarding plaintiff's counsel fees incurred by filing the motion.

The parties agree that defendant's contractor installed the new roof in December 2017. Plaintiffs maintain that the lease required defendant to obtain

---

[2] This order—which was one of the orders defendant initially appealed leading to our remand—compelled defendant to perform the HVAC work, provide written documentation from a bank as to plaintiffs' security deposit letter of credit, fix lights in a storage space, and arrange for certain billing related to an irrigation system.

A-5113-18T3

all necessary permits and that defendant failed to do so until eleven months after the contractor finished the roofing work. Because the permits were issued after the deadline for completing the work, plaintiffs argue the judge failed to award them $15,100 in per diem fees. The motion judge did not abuse his discretion by finding defendant substantially complied with the June 30, 2016 consent order. Defendant contracted with the roofer to obtain the permit, and, as the judge found, as soon as defendant learned that the contractor had not done so, it obtained the permit.

As to the irrigation system, the parties stipulated that the question on remand was whether the May 2016 order required defendant to "install a separate meter" and bill all water used in the irrigation system as a common expense. They also agreed that there would be no penalty if the judge found no such requirement. The judge found that the May 2016 order's text did "not require [a] separate meter." Indeed, the May 2016 order is silent on the question of billing for water.

Finally, plaintiffs argue the judge erred by concluding that the August 30, 2016 amended order did not require defendant to submit documentation to the bank to reduce their security deposit letter of credit. The parties stipulated that the question to resolve was "[w]hether the trial [judge's] August 30, 2016

8

[amended] order required [defendant] to submit certain documentation to [the bank] to reduce . . . plaintiff[s'] security deposit letter of credit . . . for each elapsed year of the lease." Applying the order's text, the judge found there was no such requirement and no penalty was warranted.

To the extent that we have not addressed the parties' remaining arguments, we conclude that they are without merit to warrant attention in a written decision. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5113-18T3